```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

| | | |
|---|---|---|
| ALTERNATIVE MEDICINE | ) | |
| AND PHARMACY, INC., d/b/a | ) | |
| OMNIPLUS PHARMACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 1469 CDP |
| | ) | |
| EXPRESS SCRIPTS, INC., and | ) | |
| MEDCO HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion to dismiss defendants' counterclaim for failure to state a claim. In my October 7, 2014, Memorandum and Order [59] denying preliminary injunctive relief, I set out the relevant background facts underlying this dispute and will not do so again. In brief, however, OmniPlus is a community and compounding pharmacy with a mail order business. Express Scripts and Medco ("Express Scripts") are pharmacy benefits managers. OmniPlus had a contract with Express Scripts to provide pharmacy services to members of health plans managed by Express Scripts ("Provider Agreement"). The parties' relationship is also governed by a Provider Manual. In this action, OmniPlus alleges that its termination as a member in Express Scripts' pharmacy network breached the Provider Agreement and violated Texas law. Express

Scripts has now filed a one-count breach of contract counterclaim against OmniPlus, asserting that OmniPlus's alleged failure to collect copayments amounts to a breach of the Provider Agreement and Provider Manual. OmniPlus moves to dismiss the counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

To survive a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556); Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 716 (8th Cir. 2011). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 570). When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all

2

reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).  The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.  Braden, 588 F.3d at 594.

Having reviewed the counterclaim in light of the relevant standards, the motion to dismiss must be denied as Express Scripts has stated a breach of contract claim against OmniPlus.  Whether OmniPlus may have certain defenses to the breach of contract claim or whether Express Scripts may ultimately recover on its claim are not issues that are properly before me at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss [80] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2015.