**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ALTERNATIVE MEDICINE AND PHARMACY, INC. d/b/a OMNIPLUS PHARMACY, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14-cv-01469-CDP ) ) |
| EXPRESS SCRIPTS, INC. and MEDCO HEALTH SOLUTIONS, INC., | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR BREACH OF CONTRACT COUNTERCLAIM**

Defendants Express Scripts, Inc. and Medco Health Solutions, Inc. (collectively "Express Scripts") respectfully submit this memorandum of law in support of their motion for summary judgment on their breach of contract counterclaim (Doc. No. 78 at 9-15) against Plaintiff Alternative Medicine and Pharmacy, Inc. ("OmniPlus").

**INTRODUCTION**

OmniPlus admits that it breached the parties' contract by failing to collect Express Scripts member copayments, despite the fact that the contract unequivocally required that OmniPlus "shall collect" copayments for prescriptions that OmniPlus dispensed to those members. OmniPlus concedes that it failed to collect the required copayment for about **80%** of all prescriptions it dispensed to Express Scripts members between September 27, 2013 and October 7, 2014, or about **6,341** prescriptions in total. Thus, OmniPlus violated the parties' contract by failing to collect copayments on a massive scale. OmniPlus' breach – by OmniPlus'

own admission – cost Express Scripts in excess of $25 million.  The parties' contract is clear that, as a consequence of OmniPlus' systematic breach, Express Scripts is entitled to recoup OmniPlus' ill-gotten gains.

The undisputed facts[1] show OmniPlus' routine failure to perform its contractual obligations, and the damages that Express Scripts suffered as a result.  Express Scripts is therefore entitled to summary judgment on its breach of contract counterclaim.

## STATEMENT OF FACTS[2]

Express Scripts assumes the Court's familiarity with much of the factual background pertinent to this case and this motion.  Express Scripts is a pharmacy benefits manager ("PBM"). Doc. No. 23-1 ¶ 6.  Express Scripts has created a pharmacy provider network by negotiating with pharmacies that agree to fill prescriptions for members of Express Scripts' client health plans. *Id*.  The integrity of Express Scripts' pharmacy provider network is critical to Express Scripts' business.  *Id*. ¶ 8.  A pharmacy that does not meet Express Scripts' standards for integrity and professionalism threatens Express Scripts' overall network and its reputation.  *Id*.

OmniPlus was a member of Express Scripts' pharmacy provider network pursuant to a Pharmacy Provider Agreement ("Provider Agreement") and Network Provider Manual ("Provider Manual") (collectively the "Contract").  Express Scripts' Statement of Uncontroverted Material Facts ("SUMF") ¶¶ 1-3.  The Provider Manual is incorporated into the

---

[1] As explained at pp. 8-9, *infra*, because OmniPlus failed to file an Answer to Express Scripts' counterclaim, the allegations in support of the counterclaim are admitted for purposes of this motion.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Regardless, as explained at pp. 4-6 & 9-10, *infra*, the evidence is clear that Express Scripts is entitled to summary judgment on its breach of contract counterclaim.

[2] Some of the facts set forth in this section are provided for background purposes.  Separately, and in accordance with Local Rule 7-4.01(E), Express Scripts is providing its Statement of Uncontroverted Materials Facts.

Provider Agreement, and together they constitute the Contract. *Id.* ¶ 4.

Pursuant to the Contract, OmniPlus agreed that it "***shall collect*** from Members … the applicable Copayment indicated by [Express Scripts] …." and that copayments are "***to be collected***." *Id.* ¶ 5 (emphasis added). OmniPlus also agreed that "[c]opayments may not be waived or discounted" by OmniPlus. *Id.* ¶ 6. And OmniPlus agreed, further, that Express Scripts may recoup amounts reimbursed to OmniPlus for paid claims not submitted in accordance with the Contract, and specifically that:

- Express Scripts "may refuse to pay any claim or may reverse payment on any claim that is not submitted in accordance with the terms and conditions of this Agreement";
- "Claims not submitted in accordance with [the Contract] are subject to reversal and recoupment of paid claims" by Express Scripts;
- "It is within Express Scripts' sole discretion to recoup 100% of the amount for the paid claims" where OmniPlus "violates any terms" of the Contract; and
- Express Scripts, at its "sole discretion," "shall have the right … to recoup the monies paid to [OmniPlus]" if OmniPlus is "found in violation" of the Contract, or if Express Scripts determines that OmniPlus acted in a way that "suggests possible fraud, waste, or abuse."

*Id.* ¶¶ 7-10. Furthermore, OmniPlus agreed that, under the Contract, Express Scripts is entitled to recover an additional 15% of the total amount of reimbursement for paid claims, where Express Scripts discovers that paid claims were submitted in violation of the terms and conditions of the Contract. *Id.* ¶ 11.

Express Scripts performed its obligations under the Contract. *Id.* ¶ 12. OmniPlus

3

breached the Contract by not collecting members' copayments. *Id*. ¶ 13. Indeed, OmniPlus flouted this requirement by routinely and systematically failing to collect these copayments. Specifically:

- For prescriptions that OmniPlus dispensed to Express Scripts members from September 27, 2013 through June 30, 2014, OmniPlus failed to collect the required copayment for approximately **3,936** prescriptions, or about **84.37%** of the total prescriptions it dispensed to these members during this period. *Id*. ¶¶ 14.

- For prescriptions that OmniPlus dispensed to Express Scripts members from July 1, 2014 through October 7, 2014, OmniPlus failed to collect the required copayment for approximately **2,405** prescriptions, or about **75%** of the total prescriptions it dispensed to these members during this period. *Id*. ¶ 16.

- Thus, for prescriptions that OmniPlus dispensed to Express Scripts members from September 27, 2013 through October 7, 2014,[3] OmniPlus failed to collect the required copayment for approximately **6,341** prescriptions, or about **80%** of the total prescriptions dispensed to these members during this period. *Id*. ¶ 18.

As a result of OmniPlus' disregard for its contractual obligation to collect member copayments, Express Scripts has suffered damages by paying millions of dollars for noncompliant claims submitted by OmniPlus. *Id*. ¶¶ 19-20. OmniPlus has admitted that, for the

---

[3] The Contract covers two periods, with substantively identical operative terms. The parties entered into a Provider Agreement dated September 27, 2013. SUMF ¶ 2. OmniPlus executed a second Provider Agreement dated June 30, 2014. *Id*. October 7, 2014 is the date that the Court denied OmniPlus' motion for a temporary restraining order and preliminary injunction mandating that Express Scripts retain OmniPlus in its pharmacy provider network. Doc. No. 59.

4

noncompliant claims at issue in this case, it received more than $25 million in reimbursements directly from Express Scripts:

> **Express Scripts' Counsel:** "Mr. Carr, for the approximately 2,405 prescriptions [dispensed from July 1, 2014 through October 7, 2014] where OmniPlus failed to collect the required copayment, what was the dollar amount that OmniPlus received in reimbursement from Express Scripts for those prescriptions?"
>
> **OmniPlus' Corporate Representative:** "Approximately 9,000 – I'm sorry. Approximately $9,163,286.41."

*Id*. ¶ 17 and at Ex. B. at 108:9-109:8.

> **Express Scripts' Counsel:** "Topic 4 asks for the total number of prescriptions that OmniPlus dispensed to Express Scripts members from September 27th, 2013 through June 30, 2014 for which OmniPlus has not as of today collected the copayment, right?"
>
> **OmniPlus' Corporate Representative:** "Yes."
>
> **Express Scripts' Counsel:** "And – and you told us earlier it was approximately 3,936 prescriptions, right?"
>
> **OmniPlus Corporate Representative:** "Yes."
>
> **Express Scripts' Counsel:** "Okay. Now, for those 3,936 prescriptions for which OmniPlus failed to collect the copayment, how much in reimbursement did OmniPlus receive from Express Scripts for those prescriptions?"
>
> **OmniPlus' Corporate Representative:** "Approximately $16,638,420.70."

*Id*. ¶ 15 and at Ex. B at 123:22-124:10.

> **Express Scripts' Counsel:** "Okay. So is it fair to summarize, Mr. Carr, that for prescriptions that OmniPlus dispensed to Express Scripts members from September 27th of 2013 until October 7th of 2014 for which OmniPlus failed to collect the copayment, OmniPlus has received over $25 million in reimbursement from Express Scripts for those prescriptions?"
>
> **OmniPlus Corporate Representative:** "Yes."

*Id*. at Ex. B at 125:1-8.

5

In sum, OmniPlus wrongfully pocketed approximately $25,801,707.10 *from Express Scripts* for contractually noncompliant claims (*id*. ¶ 19), and the parties' Contract authorizes Express Scripts to recoup this amount (*id*. ¶¶ 7-10) plus 15% thereof (*id*. ¶ 11).

## **LEGAL STANDARD**

The standards for summary judgment are well-established:

- Summary judgment should be entered where "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

- "A moving party always bears the burden of informing the Court of the basis for its motion." *L.C. Goliday v. GKN Aerospace-St. Louis Aerospace*, 2012 WL 2885358, at *3 (E.D. Mo. July 13, 2012) (citing *Celotex v. Catrett*, 477 U.S. 317, 323 (1986)). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c)). However, "[o]nce the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the 'mere existence of some alleged factual dispute.'" *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)).

- To survive a motion for summary judgment, the "nonmoving party must substantiate [its] allegations with sufficient probative evidence [that] would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (citations omitted).

Critically for purposes of this motion, material facts may be "conclusively established" on a motion for summary judgment where the opposing party has failed to timely file an Answer to the claim(s) at issue. *Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013) (noting that plaintiff "could have pointed to 'admissions on file' [under Fed. R. Civ. P. 56(c)] to support his allegations" because defendant failed to timely answer his complaint); *see also, e.g.*, *Routes 202 & 309 & Novelties Gifts, Inc. v. Kings Men*, 2014 WL 899136, at *7 (E.D. Pa. Mar. 7, 2014) ("Plaintiff's failure to answer the counterclaim has caused it to admit the factual allegations of

6

the counterclaim.  As such, Plaintiff's *factual admissions* at summary judgment are identical to the facts the Court merely assumed were true for the purposes of deciding the motion to dismiss.") (citations omitted; emphasis in original); *Terry v. C & D Complete Bus. Sols.*, 2011 WL 144920, at *4-6 (W.D. Mo. Jan. 18, 2011) (granting motion for summary judgment and explaining that "[f]ailure to answer when a responsive pleading is required constitutes an admission" and therefore "[certain] material facts [are] undisputed based on Defendant's failure to answer certain allegations of the complaint"); *cf. J & J Sports Prods., Inc. v. Sirkco, LLC*, 2013 WL 363355, at *1 (E.D. Mo. Jan. 30, 2013) (Perry, J.) (applying principle in context of motion for entry of default judgment).  This proposition holds true because, under Fed. R. Civ. P. 8(b)(6), "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(6); *see also, e.g.*, *Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996) (*cited in* 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1279 (3d ed. 2004)) ("By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually.").

OmniPlus was required to submit an Answer to Express Scripts breach of contract counterclaim and did not.  Express Scripts filed its breach of contract counterclaim on May 14, 2015.  Doc. No. 78.  "A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."  Fed. R. Civ. P. 12(a)(1)(B).  The timing of the Answer – but not the obligation to respond – is altered pursuant to Fed. R. Civ. P. 12(a)(4) where, as in the case, a motion to dismiss is filed in lieu of an answer.  In that circumstance, "if the court denies the motion … the responsive pleading must

be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). OmniPlus moved to dismiss Express Scripts' breach of contract counterclaim on May 28, 2015 (Doc. No. 80), and the Court denied that motion on July 6, 2014 (Doc. No. 84). OmniPlus' Answer was due 14 days later (*see* Fed. R. Civ. P. 12(a)(4)(A)), but OmniPlus failed to submit an Answer. Because Omniplus failed to submit an answer to Express Scripts' counterclaim, the factual allegations therein are deemed admitted.

## ARGUMENT

**I.     By Failing to File an Answer to Express Scripts' Counterclaim, OmniPlus Has Admitted That Express Scripts Has Satisfied the Requisite Elements of Its Counterclaim.**

To prevail on its breach of contract claim, Express Scripts must prove: "(1) the existence and terms of a contract; (2) that [Express Scripts] performed or tendered performance pursuant to the contract; (3) breach of the contract by [OmniPlus]; and (4) damages suffered by [Express Scripts]." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010).

Again, "[b]y failing to submit an answer or other pleading denying the factual allegations" of a claim, OmniPlus has "admitted those allegations, thus placing no further burden upon [Express Scripts] to prove its case factually." *Burlington Northern Railroad Company*, 94 F.3d at 1415. Here, it is undisputed that the Contract: (1) requires that OmniPlus "shall collect" Express Scripts member copayments (SUMF ¶ 5); (2) authorizes Express Scripts to recoup the total amount paid to OmniPlus for claims where no copayment was collected in violation of the Contract (*id*. ¶¶ 7-10); and (3) entitles Express Scripts to recover an additional 15% of this amount if it is discovered that Express Scripts paid claims submitted by OmniPlus in violation of the Contract (*id*. ¶ 11). It is further undisputed that OmniPlus routinely and systemically failed to collect Express Scripts member copayments, in breach of the Contract. *Id*. ¶¶ 13-14, 16, 18. And, lastly, it is undisputed that Express Scripts was damaged when OmniPlus wrongfully

8

pocketed the amounts it received in reimbursements – approximately $25,801,707.10 by OmniPlus' own admission – from Express Scripts for these contractually noncompliant claims. *Id*. ¶¶ 19-20.

Given these undisputed facts, Express Scripts is entitled to summary judgment on its breach of contract counterclaim. *See Keveney*, 304 S.W.3d at 104.

## II. Even If OmniPlus Had Filed an Answer, and Denied the Allegations Making Out the Requisite Elements of Express Scripts' Counterclaim, Express Scripts Is Nevertheless Entitled to Summary Judgment.

The facts uncovered in this action, setting aside the allegations in Express Scripts' counterclaim (which OmniPlus has admitted), leave OmniPlus in the same position.

Despite that fact that the Contract provides that OmniPlus "shall collect" Express Scripts member copayments (SUMF ¶ 5), OmniPlus failed to collect the required copayments for about 80% of all prescriptions it dispensed to Express Scripts members during the contract period at issue (*id*. ¶ 18). OmniPlus admits that, with respect to these prescriptions, it received approximately *$25,801,707.10 from Express Scripts*. *Id*. ¶¶ 15, 17, 19. The Contract unambiguously states, *inter alia*, that where a provider, such as OmniPlus, "violates any terms of the [Contract,]" then "[i]t is within Express Scripts' sole discretion to recoup 100% of the amount for the paid claims in question." *Id*. ¶ 9; *see also* pg. 3, *supra* (summarizing the contractual provisions that entitle Express Scripts to recover paid reimbursements, from OmniPlus, for contractually noncompliant claims).[4]

---

[4] Even assuming, *arguendo*, the absence of these contractual provisions: "Common law elements of a breach of contract action do not require, to the extent a contract is in writing, that the writing must specify the availability of a claim for money damages in the event of a breach." *Coventry Manor Phase II Assocs., L.P. v. Hainen*, 904 S.W.2d 279, 281-82 (Mo. Ct. App. 1995); *see also United States v. Winstar Corp.*, 518 U.S. 839, 885 (1996) (recognizing that, under the common law, "damages are available for breach even where the parties did not specify a remedy in the contract," as "damages are always the default remedy for breach of contract").

9

In short, there was a contract, OmniPlus breached it to an egregious extent, and Express Scripts has suffered millions of dollars in damages as a result.  Express Scripts' entitlement to summary judgment on its breach of contract counterclaim could not be clearer.  *See Keveney*, 304 S.W.3d at 104.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court grant their motion for summary judgment on their breach of contract counterclaim, and award Defendants damages in the amount of $29,671,963.20 – representing the $25,801,707.10 paid by Express Scripts for prescriptions where OmniPlus failed to collect a copayments, plus 15% of this amount, as provided under the Contract where Express Scripts discovers that paid claims were submitted in violation of the Contract.

| | |
|---|---|
| Dated:  December 3, 2015 | **HUSCH BLACKWELL LLP** |
| | By:   /s/ Kyle P. Seelbach  |
| | Kyle P. Seelbach, #60382MO |
| | Sarah C. Hellmann, #50373MO |
| | Jason Husgen, #66761MO |
| | 190 Carondelet Plaza, Suite 600 |
| | St. Louis, MO  63105 |
| | (314) 480-1500 Telephone |
| | (314) 480-1505 Facsimile |
| | kyle.seelbach@huschblackwell.com |
| | sarah.hellmann@huschblackwell.com |
| | jason.husgen@huschblackwell.com |
| | *Attorneys for Defendants Express Scripts, Inc. and Medco Health Solutions, Inc.* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 3rd day of December, 2015, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon the following:

Douglas W. King
Erin M. Leach
SHANDS, ELBERT, GIANOULAKIS
& GILJUM, LLP
1 North Brentwood Blvd., Suite 800
St. Louis, MO 63105

*Counsel for Plaintiff*

      /s/ Kyle P. Seelbach