UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALTERNATIVE MEDICINE | ) |
|---|---|
| AND PHARMACY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14 CV 1469 CDP |
| | ) |
| EXPRESS SCRIPTS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On February 8, 2016, I denied Express Scripts' motion for summary judgment on Omniplus' breach of contract claim. I found that numerous disputed factual issues surrounding the parties' obligations under the contract, adequacy of performance, and the nature and extent of damages precluded summary judgment. Express Scripts now asks that I reconsider this ruling, and in doing so merely raises the same arguments I previously considered and rejected in denying summary judgment. As Express Scripts offers no new legal or factual arguments convincing me my prior decision was in error, I will deny the motion to reconsider.

Express Scripts also requests that I reconsider or strike footnote one from my February 8, 2016 Memorandum and Order, claiming that the Court does not "cite evidence" in the record to support the statement that "Express Scripts also competes with Omniplus directly in the mail-order pharmacy business." The Court

is not obligated to provide citations to the record in its opinion, but this statement is supported by evidence in the record. *See* Transcript of Preliminary Injunction Hearing held on March 12, 2015 [73 at 9-10]. I will deny the motion to strike or reconsider footnote one.

Finally, Express Scripts moves to certify my February 8, 2016 Memorandum and Order for interlocutory appeal and for a stay of this action under 28 U.S.C. § 1292(b). Under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

There are three requirements that must be met before a district court opinion may be certified for interlocutory appeal. *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994). "[T]he district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Id.* (internal quotations omitted). These three statutory requirements are jurisdictional, and all must be present for certification to be proper. *Id.* at 376. It is "the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *Id.* In accordance with the policy of discouraging interlocutory

appeals, "§1292(b) should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation . . . ." *Id.* "The movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. *Id.* (internal citations omitted). Substantial grounds for a difference of opinion exists when: "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions"; (2) the question is one of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question. *Emerson Elec. Co. v. Yeo*, Case No. 4:12CV1578 JAR, 2013 WL 440578, at *2 (E.D. Mo. Feb. 5, 2013) (quoting *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876–77 (E.D. Mich. 2012)). The difference of opinion must arise out of genuine doubt as to the correct legal standard. *Id.* (internal citations omitted).

Express Scripts cannot meet its heavy burden of showing that interlocutory appeal is warranted in this case as there can be no substantial difference of opinion that the contract is ambiguous and numerous factual issues remain for the jury to decide. That Express Scripts earnestly believes its position to be correct does not convert this case into the "exceptional one" requiring immediate appeal. As for

3

Express Scripts' argument that an appeal would avoid a costly and potentially unnecessary jury trial, that could be said in any case where a court has denied summary judgment. The Court expects this jury trial to go forward as scheduled, and expects the parties to file their pretrial submissions in accordance with the provisions of the governing case management order.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for reconsideration [164] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2016.