UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALTERNATIVE MEDICINE AND PHARMACY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:14 CV 1469 CDP |
| EXPRESS SCRIPTS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me defendants' motion for bill of costs. Following a five-day trial, a jury returned a verdict in defendants' favor on plaintiff's claim on April 8, 2016. As part of that Judgment, defendants were awarded taxable costs from plaintiff. On April 28, 2016, defendants submitted a motion for bill of costs in the amount of $28,962.97. Plaintiff objects to certain claimed costs and contends that the taxable costs amount to $9,241.02. After careful consideration, the Court will tax costs in favor of defendants in the amount of **$13,042.82**.

Costs are awarded to a prevailing party as a matter of course under Fed. R. Civ. P. 54(d)(1). However, 28 U.S.C. §1920 limits those costs to fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters. "Section 1920 imposes rigid controls on

cost-shifting in federal courts, and absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness fees as costs, federal courts are bound by the limitations set out in section 1920." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation marks and citation omitted). A district court enjoys substantial discretion in awarding costs. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006).

*Pro hac* vice fees may be taxed as costs, and the Court concludes that defendants are entitled to recover *pro hac* fees for all their attorneys who entered an appearance in this case, whether or not these attorneys actually appeared at trial. *See Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009). Therefore, plaintiff's objection to awarding defendants *pro hac* vice fees for attorneys Sylvia Simon and Jacob Waldman is overruled.

Plaintiff next objects to defendants' request to assess more than $10,000.00 for daily trial and realtime feed transcripts as taxable costs in this matter. 28 U.S.C. §1920 permits "fees for printed or electronically recorded transcripts" as a taxable cost if "necessarily obtained for use in the case." "While a trial transcript is a necessary expense of an appeal, and therefore taxable on appeal under Rule 39(e), Fed. R. App. P., it cannot be said that a trial transcript is ordinarily necessary for use in the trial itself." *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1134 (E.D. Mo. 1998). "Costs for daily transcripts are not customarily

awarded." *E.E.O.C. v. Hibbing Taconite Co.*, 2010 WL 4237318, at \*3 (D. Minn. Oct. 21, 2010) (internal quotation marks and citation omitted). Here, I find that the daily transcript costs are not taxable as they were primarily for the convenience of defendants and counsel and were not necessary for use in the case. While defendants may have used these transcripts to prepare for cross-examination and other phases of the case, they have failed to show why counsel were unable to take notes at trial sufficient for those purposes, especially since they had four lawyers at counsel table at all relevant times (plus support staff) and the trial consisted of fewer than four days of testimony. *See id.* (declining to tax costs of daily trial transcripts where primarily for counsel's convenience); *Emmenegger*, 33 F. Supp. 2d at 1135 (daily trial transcript not taxable cost under §1920). Plaintiff's objection is sustained as to trial transcripts.

Plaintiff next objects to certain deposition costs submitted by defendants. Plaintiff objects to recovery for both a stenographic and video recording of witness depositions for all witnesses other than Branko Milosevic. The Eighth Circuit Court of Appeals has held that "[28 U.S.C.] §1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition *as long as each transcript is necessarily obtained for use in a case.*" *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015) (emphasis supplied). The Eighth Circuit

went on to explain how both a printed and electronically recorded transcript may each be "necessarily obtained" for use in a case:

> There are many circumstances where both printed and electronically recorded transcripts are "necessarily obtained for use in the case." 28 U.S.C. §1920(2). For example parties may capture depositions electronically in a large and complex patent case for use in trial while also retaining written transcripts for purposes of filing copies with the court . . . . Attorneys may also be called upon to edit objectionable portions of electronically recorded testimony, or to supply an opposing party with a transcript to obtain a video or audio recorded deposition . . . . In such circumstances both printed and electronic transcripts of the same deposition are "necessarily obtained for use in the case," thus satisfying the core requirement of the statute. 28 U.S.C. §1920(2).

*Id.* at 466-67 (internal citations omitted). Here, defendants offer no such explanation as to why both types of transcripts were "necessarily obtained for use" in this case. In the absence of any evidence that both transcripts were necessary, the Court agrees with plaintiff's arguments that the electronically recorded transcripts for witnesses other than Branko Milosevic were for the convenience of counsel, rather than necessarily obtained for use in the case. Therefore, the Court will award defendants the costs of printed deposition transcripts only, except with respect to Branko Milosevic.

The Court will award costs for both the printed and electronically recorded transcripts of the deposition of Branko Milosevic, as he was a key witness outside the subpoena power of the Court and plaintiff does not object to such an award. However, I agree with plaintiff that defendants cannot recover their

synchronization costs associated with this deposition, as "synchronization of [the written and video deposition transcripts] is not a fee for the transcript. It is a part of a party's plan to present evidence to the jury, and . . . is not recoverable." *Combs v. Cordish Companies, Inc.*, 2015 WL 5096009, at *4 (W.D. Mo. Aug. 28, 2015).

Defendants are entitled to the costs of obtaining printed deposition transcripts for those witnesses deposed by plaintiff (John Gavin, Matt Bruno, and Michael Klein), as there is no evidence that these depositions were not necessarily obtained for use in the case as required by § 1920. Plaintiff has not argued that the depositions it took were unnecessary, and it read portions of Mr. Gavin's deposition testimony to the jury. Moreover, Mr. Klein testified at trial. Under these circumstances, the Court will award defendants the claimed costs of transcripts for these witnesses in the amount sought of $1,815.80.

"Fees charged by the court reporter for postage and delivery of transcripts are not recoverable." *St. Jude Medical S.C., Inc. v. Hanson*, 2015 WL 7069650, at *5 (D. Minn. Nov. 13, 2015) (citing *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889-90 (8th Cir. 2006)). Plaintiff's objection to the postage and shipping fees for transcripts is sustained.

Similarly, realtime transcript and laptop fees and ASCII fees for depositions are also not recoverable as they were incurred for the convenience of counsel and

not necessarily obtained for use in the case. *See Hibbing*, 2010 WL 4237318, at *1 (declining to award realtime deposition transcript costs as for convenience of counsel); *American Guarantee & Liability Ins. Co. v. U.S. Fidelity & Guar. Co.*, 4:06CV655 RWS, 2010 WL 1935998, at *4-5 (E.D. Mo. May 10, 2010) (declining to award ASCII fees as they are for the convenience of attorneys).

Finally, plaintiff objects to the taxation of $1,750.00 for the appearance of its expert witness, Christopher Volz, at his deposition. Although 28 U.S.C. §1920(6) does not authorize the award of costs related to his deposition, Federal Rule of Civil Procedure 26(b)(4)(A) does. "Federal Rule of Civil Procedure 26(b)(4)(A) provides that a party may depose any person who has been identified as an expert whose opinions may be presented at trial, and Rule 26(b)(4)(E) instructs that the district court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery. Read together, these rules allow for the recovery of witness fees related to the deposition of [plaintiff's expert witness]." *Stanley*, 784 F.3d at 464 (internal quotation marks, alteration, and citation omitted). I find the requested expert fee to be reasonable and will award the amount sought.[1]

Accordingly,

---

[1] Defendants are therefore entitled to the following taxable costs: fees of the Clerk - $446; fees for transcripts necessarily obtained for use in the case - $10,821.82; fees for witnesses - $1,750; and, docket fees - $25.00, for a total amount of $13,042.82.

**IT IS HEREBY ORDERED** that motion for bill of costs [236] is granted in part **only as follows**: the Clerk of the Court shall tax costs against plaintiff and in favor of defendants in the amount of **$13,042.82**. In all other respects, the motion for bill of costs is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2016.